# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

JUDE MAITLAND,
     Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
LLC; CAPITAL ONE N.A.; and
BARCLAYS BANK DELAWARE,
     Defendants.

Case No.:

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Jude Maitland ("Plaintiff"), by and through his counsel, and for his Complaint pleads as follows:

### JURISDICTION

1.    Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.    This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### VENUE

3.    The transactions and occurrences which give rise to this action occurred in Fort Pierce, Florida.

4.    Venue is proper in the Southern District of Florida.

## PARTIES

5.     Plaintiff is a natural person residing in Fort Pierce, Florida.

6.     The Defendants to this lawsuit are:

    a.  Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Florida;

    b.  Capital One, N.A. ("Capital One") is a national association that conducts business in the State of Florida; and

    c.  Barclays Bank Delaware ("Barclays") is a national bank that conducts business in the State of Florida.

## GENERAL ALLEGATIONS

7.     Capital One's and Barclay's tradelines ("Errant Tradelines") are erroneously reporting as disputed in Plaintiff's Equifax credit file.

8.     Plaintiff no longer disputes the Errant Tradelines.

9.     On or about December 11, 2023, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradelines reporting with erroneous dispute notations.

10.     On or about December 12, 2023, Plaintiff sent a letter to Equifax stating that he no longer disputes the Errant Tradelines and wants the dispute notations removed from the tradelines.

11.     Equifax received Plaintiff's letter.

12.     Equifax forwarded Plaintiff's letter to Capital One and Barclays.

13.     Capital One and Barclays each received Plaintiff's letter from Equifax.

14.     On or about April 25, 2024, after not having received investigation results from Equifax, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax, Capital One and Barclays failed or refused to remove the erroneous dispute notations from the Errant Tradelines.

15.     Defendants' failures to remove the erroneous dispute notations make the Errant Tradelines false and misleading to any user of Plaintiff's credit report. It also damages Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the same, as conventional lenders will not grant a mortgage based on a credit report that has any tradeline reported as disputed.

16.     As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, Plaintiff has suffered credit and emotional damages.

17.     Plaintiff also has suffered stress, anxiety, frustration and other forms of emotional distress due to Defendants' failure to correct the errors in him credit files or improve him financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

18.     Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

19.     Plaintiff realleges paragraphs 1 through 18 as if recited verbatim.

20.     After being informed by Equifax of Plaintiff's dispute of the Errant Tradelines, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. §1681s-2(b).

21.     Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation.

22.     Capital One's tradeline is inaccurate and creates a misleading impression in Plaintiff's credit file with Equifax to which it is reporting such tradeline.

23.     As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

24.     Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. §1681*o*.

25.     Plaintiff has a private right of action to assert claims against Capital

One arising under 15 U.S.C. §1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

26.     Plaintiff realleges paragraphs 1 through 18 as if recited verbatim.

27.     After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

28.     Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. §1681s-2(b).

29.     As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

30.     Capital One is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees

that he may recover pursuant to 15 U.S.C. §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

31.     Plaintiff realleges paragraphs 1 through 18 as if recited verbatim..

32.     After being informed by Equifax of Plaintiff's dispute of the Errant Tradelines, Barclays negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. §1681s-2(b).

33.     Barclays negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation.

34.     Barclays' tradeline is inaccurate and creates a misleading impression in Plaintiff's credit file with Equifax to which it is reporting such tradeline.

35.     As a direct and proximate cause of Barclays' negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

36.     Barclays is liable to Plaintiff by reason of its violations of the FCRA in

an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. §1681*o*.

37.     Plaintiff has a private right of action to assert claims against Barclays arising under 15 U.S.C. §1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Barclays for damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

38.     Plaintiff realleges paragraphs 1 through 18 as if recited verbatim..

39.     After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

40.     Barclays willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. §1681s-2(b).

41.     As a direct and proximate cause of Barclays' willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

42.     Barclays is liable to Plaintiff for either statutory damages or actual

damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 U.S.C. §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

43.    Plaintiff realleges paragraphs 1 through 18 as if recited verbatim.

44.    Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681a.

45.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

46.    Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. §1681e(b).

47.    After receiving Plaintiff's dispute of the Errant Tradelines, Equifax

negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

48.     As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

49.     Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with him reasonable attorneys' fees pursuant to 15 U.S.C. §1681*o*.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

50.     Plaintiff realleges paragraphs 1 through 18 as if recited verbatim.

51.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681a.

52.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

53.     Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. §1681e(b).

54.     After receiving Plaintiff's dispute of the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

55.     As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

56.     Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with him reasonable attorneys' fees pursuant to 15 U.S.C. §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,  June 10, 2024.

*/s/ Santiago J Teran*

Santiago J. Teran
FL Bar #1018985
2125 Biscayne Blvd, Suite 206
Miami, FL 33137
santiago@sjteran.com
C: (347) 946-7990
*Attorney for Plaintiff*